UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KEVIN L. PURNELL, 16-R-0714,

       Petitioner,

  -against-

BRANDON J. SMITH, Superintendent, Greene
Correctional Facility,

       Respondent.
-----------------------------------------------------------------X

OPINION & ORDER
17-CV-00816(JFB)

JOSEPH F. BIANCO, District Judge:

On January 23, 2017, petitioner Kevin L. Purnell ("petitioner"), appearing *pro se*, filed a petition seeking writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 in the Northern District of New York. By Decision and Order dated February 14, 2017, the petition was transferred to this Court and assigned to the undersigned. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court has conducted an initial review of this petition and, as set forth below, because the petition is unexhausted, it is *sua sponte* dismissed without prejudice. The petitioner may re-file the petition once he has exhausted his state remedies.

## BACKGROUND

Petitioner challenges his custody arising from his March 11, 2016 judgment of conviction in Suffolk County rendered upon his plea of guilty to three counts of Criminal Possession of a Controlled Substance in the Third Degree, and one count of Criminal Possession of a Controlled Substance in the Fifth Degree. *See* Pet. ¶¶ 1, 5-6; *see also* Ex. at 157. Petitioner was sentenced to a six-year term of incarceration with three years of post-release supervision. *Id.* ¶ 3. Petitioner alleges that although he has appealed from the judgment of conviction, his appeal is currently pending at the Appellate Division, Second Department. *Id.* Pet. ¶ 9.

## DISCUSSION

"A federal court only has jurisdiction to hear a petition filed pursuant to title 28 U.S.C. section 2254 where the petitioner is 'in custody pursuant to the judgment of a State court.'" *Henry v. Davis*, No. 10-CV-5172, 2011 WL 319935, at *1 (E.D.N.Y. Jan. 26, 2011) (quoting 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States")). Furthermore, a district court may not grant the writ "unless the petitioner has first exhausted the remedies available in the state court or shows that 'there is an absence of available state corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant.'" *Henry*, 2011 WL 319935 at *1 (quoting 28 U.S.C. §§ 2254(b)(1)(A), 2254(b)(1)(B)(i)-(ii)). A federal claim is properly exhausted where it has been presented to the highest state court. *Henry*, 2011 WL 319935 at *1 (citing *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); *Daye v. Attorney Gen. of New York*, 696 F.2d 186, 190-91 (2d Cir. 1982)).

In the instant matter, because petitioner alleges that his appeal to the Appellate Division, Second Department, is presently pending, his constitutional claims are not yet exhausted. Given that petitioner has not yet exhausted his state court remedies, which is required prior to the filing of a petition under § 2254, the petition is dismissed without prejudice. *See* 28 U.S.C. § 2254; *Henry*, 2011 WL 319935, at *2 (citing *Haynes v. Fiorella*, No. 10-CV-0843, 2010 WL 4365832, at *1 (W.D.N.Y. Nov. 3, 2010) (dismissing without prejudice petitioner's § 2254 petition where there was no indication that petitioner had exhausted her state court remedies)); *see also Lynch v. DeMarco*, 11-CV-4708, 2011 WL 6097737, *2 (E.D.N.Y. Dec. 1, 2011) (*sua sponte* dismissing unexhausted § 2254 petition) (citations omitted); *see also* Rule 4 of the Rules

2

Governing Section 2254 Habeas Corpus Cases in the United States District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . .").

## CONCLUSION

For the reasons set forth above, the petition for a writ of habeas corpus is dismissed without prejudice as it is unexhausted. A certificate of appealability shall not issue as petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962). The Clerk of the Court is directed to close the case.

SO ORDERED.

/s/ Joseph Bianco
Joseph F. Bianco
United States District Judge

Dated: February 16, 2017
Central Islip, New York

3